IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAYLA REED,<br><br>                      Plaintiff,<br><br>vs.<br><br>TOBY SMITH, SARAH JONES, and ANGELA M. FRANZ,<br><br>                      Defendants. | 4:21CV3079<br><br>**ORDER TO<br>SHOW CAUSE** |

       This matter is before the Court *sua sponte* after review of the docket and the plaintiff's complaint (Filing No. 1) filed on April 15, 2021.

       The court has an independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "[C]onclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *Jil McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, 656 (N.D. Iowa 1995).

       A district court can attain subject-matter jurisdiction under federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331-32. A district court's federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). "[P]ro se complaints are to be construed liberally[.]" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). Here, construing the plaintiff's pleading liberally, the undersigned magistrate judge finds it fails to show any manner in which this court has a basis for jurisdiction. See 28 U.S.C. §§ 1331-32.

       First, although the plaintiff invokes this court's diversity jurisdiction, her pleading does not indicate the citizenship of any party. The plaintiff filed her action in this court and circled

"diversity" as the basis of this court's jurisdiction.  (Filing No. 1 at p. 2).  Therefore, it is the plaintiff's burden to plead with specificity the citizenship of the parties.  See *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  The plaintiff has failed to do so. Accordingly, the court cannot determine whether diversity jurisdiction exists.

Next, no federal cause of action or basis for federal court jurisdiction is apparent from the pleading.  The plaintiff cites claims for trespass and injury to property but does not state who the defendants are or how they allegedly have trespassed or injured her property.  The plaintiff's attachment of an "exhibit" containing the text of two federal criminal statutes is insufficient to establish federal question jurisdiction. See *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)(quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936))("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").  At this time, even liberally construing the plaintiff's pleading, she does not state any claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331.

In sum, it is not apparent that this court has subject matter jurisdiction.  The Court will provide the plaintiff with an opportunity to show cause why this matter should not be summarily dismissed for lack of subject matter jurisdiction. Accordingly,

**IT IS ORDERED:**  Plaintiff shall have to **May 10, 2021**, to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Dated this 19th day of April, 2021.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge