IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAYLA REED,<br><br>        Plaintiff,<br><br>    vs.<br><br>TOBY SMITH; SARAH JONES; and ANGELA M. FRANZ,<br><br>        Defendants. | **4:21-CV-3079**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the defendants' Motion for Summary Judgment pursuant to Rule 56. Filing 20. Plaintiff, Kayla Reed, brought suit against North Platte Police Department officers Toby Smith and Sarah Jones and against Deputy County Prosecutor Angela M. Franz (collectively "Defendants"), for claims arising out of a traffic stop on February 24, 2021, during which Reed was arrested for fictitious license plates, obstructing an officer, and resisting arrest. Filing 1 at 8; Filing 16 at 3. Reed was ultimately charged with resisting an officer and obstructing the police. Filing 1 at 8; Filing 21 at 4-5. Reed filed a complaint and several supplements, apparently taking issue with the traffic law requiring her to display a license plate on her vehicle and contesting Defendants' ability to stop, arrest, and prosecute her for her failure to do so. *See generally* Filing 1; Filing 6; Filing 10; Filing 15; Filing 16. Reed makes several state-law tort claims and cites to federal criminal laws. *See* Filing 1 at 1, 5. Liberally construed, her pleadings can be read as attempting to state a cause of action under 42 U.S.C. § 1983. Defendants move for summary judgment. Filing 20. For the reasons stated herein, the Court grants Defendants' motion.

## I.        BACKGROUND

The following is a summary of facts from Defendants' Brief in Support of their Motion for Summary Judgment, Filing 21, to which Reed did not respond.[1] The following also contains undisputed facts from Reed's Complaint, Filing 1, and her supplemental filings in support of her Complaint, Filing 6, Filing 10, Filing 15, and Filing 16.

Reed is a resident of Nebraska. Filing 21 at 3. Defendants are all residents of Nebraska. Filing 21 at 3. Smith and Jones are police officers employed by the North Platte Police Department in North Platte, Lincoln County, Nebraska. Filing 21 at 4. Franz is a Deputy County Prosecutor employed by the Lincoln County Attorney's Office in Lincoln County, Nebraska. Filing 21 at 6.

Reed's claims against Smith and Jones arise out of a traffic stop in North Platte, Nebraska, on February 24, 2021. Filing 1 at 1; Filing 21 at 4. Smith and Jones pulled over Reed because she was driving a red Toyota Corolla with a reportedly fictitious license plate which read "PR1V4T3." Filing 21 at 5. Jones asked Reed for her license, and Reed refused to produce one. Filing 21 at 5. Reed said she was travelling in her vehicle, not driving it. Filing 21 at 5. Smith then approached the driver's door of the vehicle and asked Reed for her name. Filing 21 at 5. Reed refused to provide it. Filing 21 at 5. Smith asked Reed to exit the vehicle, and Reed, after some arguing, finally exited her vehicle. Filing 21 at 5. With difficulty, Smith put Reed in handcuffs as she was "tensing up and resisting the officers putting on the handcuffs." Filing 21 at 5. The police officers confiscated the fictitious license plate, which was placed into evidence. Filing 21 at 6. Reed was transported to the Lincoln County jail. Filing 21 at 6. She paid a $1,000 bond on February 25, 2021, and was scheduled to appear in Lincoln County Court on March 24, 2021. Filing 1 at 8.

---

[1] Because Reed did not address Defendants' assertions of fact in Filing 21 as required by Federal Rule of Civil Procedure 56(c), this Court will consider the facts in Defendants' brief undisputed for purposes of the present motion. *See* Fed. R. Civ. P. 56(e)(2); NECivR 56.1(b)(1) ("Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response."). Prior to the summary-judgment motion, Reed submitted several supplements which do not contradict the facts presented by Defendants and which the Court has also considered and weighed in deciding the present motion. *See* Filing 6; Filing 10; Filing 15; Filing 16.

Presumably Reed's claims against Franz arise out of this court date. *See* Filing 1 at 8; Filing 15 at 3 (stating Franz "lies to a local traffic judge"); Filing 21 at 6 (stating Franz is a deputy county prosecutor, and "was acting in her capacity as the prosecuting attorney for the State of Nebraska for the charges" against Reed).

Reed filed her Complaint in this Court on April 15, 2021, alleging trespass, forgery, robbery, and false arrest. Filing 1 at 1. Her Complaint further cites 18 U.S.C. §§ 241, 242, providing criminal penalties for depriving a person of their rights. Filing 1 at 5. She alleges Jones and Smith "used false emergency lights [to] then trespass on [her] property." Filing 15 at 4. Reed also alleges Franz lied to the traffic judge using "false instruments forged with" her information. Filing 15 at 3. She also references fraud, Filing 15 at 5, and the Sixth Amendment. Filing 15 at 9. She alleges $18,000,199.00 in damages. Filing 1 at 1. That figure appears to include $1,000 paid in bail, Filing 15 at 4, and the value of her confiscated fictitious plates, Filing 21 at 6.

## II.   DISCUSSION

### A.  Standard of Review

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v.*

*Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "an absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (citing *Celotex*, 477 U.S. at 323). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than 'the mere existence of *some* alleged factual dispute'" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

## B.  Subject-Matter Jurisdiction

Defendants argue that Reed has not presented sufficient evidence to demonstrate that the Court has subject-matter jurisdiction over her claims. Filing 21 at 6-8. This Court's jurisdiction is

4

limited to cases where there is a federal question under 28 U.S.C. § 1331, or where there is diversity of the parties pursuant to 28 U.S.C. § 1332. A court must dismiss an action if it determines at any time it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Reed, a Nebraska resident suing three Nebraska residents, Filing 21 at 3, does not meet the standards for diversity outlined in § 1332(a). However, a pro se document is "liberally construed." *Rivera v. Bank of Am.*, 993 F.3d 1046, 1049-50 (8th Cir. 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Accordingly, this Court construes Reed's reference to 18 U.S.C. §§ 241-42 as presenting a federal question under 42 U.S.C. § 1983. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson*, 551 U.S. at 94). The criminal statutes cited outline penalties for "Conspiracy against rights" (§ 241) and "deprivation of rights under color of law" (§ 242). These criminal penalties are sufficiently analogous to 42 U.S.C. § 1983, providing a civil action for a "deprivation of rights"; therefore, a liberal construction of Reed's claims brings her suit under this Court's federal-question subject-matter jurisdiction. *See Rivera*, 993 F.3d at 1049-50.

## C.  The Parties

Although it has determined it has subject-matter jurisdiction over this case, the Court must still address whether it can reach the merits of Reed's case based on the fact she sues governmental officials. "Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Reed's Complaint does not state in what capacity she sues Defendants. *See* Filing 1. The Court concludes Reed's suit fails against Defendants in both their official capacities as governmental servants and in their individual capacities.

### 1.  *Official Capacities*

5

To the extent Reed sues Defendants in their official capacities, her suit fails. "A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer and therefore must establish the municipality's liability for the alleged conduct." *Kelly v. City of Omaha, Neb.*, No. 14-3446, 2016 WL 660117 (8th Cir. Feb. 18, 2016). "[T]o establish the liability of an official acting in his official capacity, the plaintiff must prove that 'a policy or custom [of the city] caused the alleged violation.'" *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (quoting *Rogers v. City of Little Rock*, 152 F.3d 790, 800 (8th Cir. 1998)). "[J]udgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond." *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).

Here, Reed has not named the City of North Platte or Lincoln County as defendants, bringing into question whether the public entity "received notice and an opportunity to respond" to Reed's allegations that her constitutional rights were violated when the officers and prosecutor enforced Neb. Rev. Stat. § 60-399. *Id.* at 472; *see also Bounds v. Hanneman*, No. 13-266, 2014 WL 1303715, at *13 (D. Minn. Mar. 31, 2014) (stating, "Where the municipal entities could have easily been named as defendants," the court may decide not to allow the suit to proceed. (citing *Johnson v. Kegans*, 870 F.2d 992, 998 n.5 (5th Cir. 1989))). She also fails to provide any evidence that her arrest "was the result of an official policy of the police department" or the county attorney's office. *Bell v. Neukirch*, 979 F.3d 594, 610 (8th Cir. 2020). Therefore, Defendants are entitled to summary judgment to the extent Reed alleges claims against them in their official capacities.

2. *Individual Capacities*

6

The Eighth Circuit has held that, in order to sue a public official in his or her individual capacity "a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Id.* (citing *Artis v. Francis Howell North Band Booster Ass'n Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998)). Here, because Reed does not make any such express statement, any claims against Defendants in their personal capacities necessarily fail. However, even assuming there was no defect in the pleadings and Reed had properly named the officers and prosecutor in their individual capacities, her case still must fail because the actors are protected by immunity.

a. Prosecutorial Immunity for Franz

A prosecutor "acting as advocate for the state in a criminal prosecution" is entitled to absolute immunity from civil liability under 42 U.S.C. § 1983. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (citing Buckley v. Fitzsimmons, 509 U.S. 259 (1993)). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Id.*

Franz prosecuted Reed for the charges of resisting arrest and obstructing a police officer. Filing 21 at 6. Even liberally construing Reed's complaint and subsequent filings, she does not allege that Franz was acting outside of the scope of her prosecutorial duties in presenting a case against Reed in court. *See* Filing 1; Filing 15 at 3 (stating Franz "lie[d] to a local traffic judge verbally"); *Brodnicki*, 75 F.3d at 1266 (stating the "pursuit of a criminal prosecution" is an inherent prosecutorial function entitling a prosecutor to absolute immunity). Thus, Franz is entitled to absolute immunity, and Reed's action against Franz must be dismissed. *Brodnicki*, 75 F.3d at 1268

7

(dismissing claims against a prosecutor who made a mistake which "occurred in the performance of a function recognized as inherent in his role as advocate for the state").

### b. Qualified Immunity for Smith and Jones

Smith and Jones argue that to the extent they are sued in their individual capacities, they are entitled to qualified immunity. Filing 21 at 4; *see also Parker v. Chard,* 777 F.3d 977, 977 (8th Cir. 2015) (finding police officers were entitled to qualified immunity). The Court agrees.

"Qualified immunity shields public officials performing discretionary functions from liability for conduct that 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Parker*, 777 F.3d at 979 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Ashcroft* v. *al–Kidd*, 563 U.S. 731, 743 (2011)). To overcome qualified immunity, a plaintiff must show (1) she was deprived "of a constitutional or statutory right," and (2) "the right was clearly established at the time of the deprivation." *Id.* (citing *Meehan v. Thompson*, 763 F.3d 936, 940 (8th Cir. 2014)).

Reed appears to allege that the officers violated her Fourth-Amendment rights when they stopped and arrested her. Filing 21 at 5. She argues that she did not break any law by driving an unregistered vehicle without a driver's license and thus implies her stop and arrest were unconstitutional. Filing 21 at 5. Reed quotes *Meyer v. Nebraska*, 262 U.S. 390 (1923), apparently to argue the laws governing motor vehicle registration are arbitrary and violated her civil rights. Filing 15 at 6.

A traffic stop and subsequent investigation are constitutional so long as police officers have "a reasonable suspicion for a traffic stop." *United States v. Hollins*, 685 F.3d 703, 706 (8th Cir. 2012). "Any traffic violation, however minor, provides probable cause for a traffic stop." *Id.*

8

(quoting *United States v. Wright*, 512 F.3d 466, 471 (8th Cir. 2008)). "[A] police officer, incident to investigating a lawful traffic stop, may request the driver's license and registration, request that the driver step out of the vehicle, request that the driver wait in the patrol car, [and] conduct computer inquiries to determine the validity of the license and registration." *United States v. Jones*, 269 F.3d 919, 924 (8th Cir. 2001) (collecting cases).

Smith and Jones initially pulled Reed over because of her fictitious plates. Filing 21 at 5. Reed was violating Nebraska law, Neb. Rev. Stat. § 60-399 (2005) (expressly forbidding "fictitious or altered license plates" displayed on a motor vehicle), so Smith and Jones had "a reasonable suspicion for a traffic stop." *Hollins*, 685 F.3d at 706. During the stop, Reed refused to give her name or provide her license and refused to cooperate with the officers. Filing 21 at 5. Reed argued with the officers and resisted once Smith told her she was under arrest. Filing 21 at 5. Reed's Fourth Amendment rights were not violated when Smith and Jones had probable cause to pull her over and arrest her. *See Jones*, 269 F.3d at 924 (declining to find a Fourth Amendment violation when police officers had probable cause to pull over the defendant and when the police took lawful actions following the traffic stop). Because Reed cannot show she was deprived of a clearly established constitutional right, *Parker*, 777 F.3d at 979, Smith and Jones are entitled to qualified immunity.

Reed's case against Smith and Jones seems to rely on the inapplicability of the laws requiring motor vehicle registration to her circumstance, *see* Filing 15 at 1, Filing 15 at 6; however, such claim cannot be brought against Smith, Jones, or Franz. For the reasons stated herein, Defendants are entitled to summary judgment on all Reed's claims against them.

**D. State-Law Tort Claims**

9

Reed's Complaint also lists state-law tort claims, primarily trespass. Filing 1. A district court has supplemental jurisdiction over state claims which "form part of the same case or controversy" as the federal claims before it. 28 U.S.C. § 1367(a). "[W]hen a district court has dismissed every federal claim, . . . 'judicial economy, convenience, fairness, and comity' will usually 'point toward declining to exercise jurisdiction over the remaining state-law claims.'" *McManemy v. Tierney*, 970 F.3d 1034, 1041 (8th Cir. 2020) (quoting *Wilson v. Miller*, 821 F.3d 963, 970–71 (8th Cir. 2016)). To the extent that the Complaint presents any state-law claims, the Court declines to exercise supplemental jurisdiction over them.

### III.   CONCLUSION

For the reasons stated above, this Court finds there is no genuine issue of material fact and Defendants are entitled to immunity from the present suit. Accordingly,

IT IS ORDERED:

1. Defendants' motion for summary judgment, Filing 20, is granted;

2. Plaintiff's Complaint, Filing 1, is dismissed; and

3. A separate judgment will be entered.

Dated this 5th day of August, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge